UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

COPY

In re:

KEVIN TINNEY
Debtor

BK 04-13806
CHAPTER 7

---

STACY B. FERRARA, TRUSTEE
Plaintiff

v.

A.P. NO. 08-

RICHARD P. D'ADDARIO
Defendant

**COMPLAINT**

In this adversary proceeding the Trustee seeks to recover damages suffered by the bankruptcy estate as a result of the Defendant's legal malpractice in connection with a proceeding in the City of Newport Probate Court and the appeal of an Order from the Probate Court to the Newport County Superior Court.

*Parties and Jurisdiction*

1. Plaintiff, Stacey B. Ferrara, is the duly appointed and acting Trustee of the Chapter 7 estate of Kevin Tinney.

2. Kevin Tinney, the Debtor, is a resident of the State of Rhode Island and is the adopted son of the late Ruth Tinney (hereinafter "Ruth").

3. At the time of her death Ruth was the owner of Belcourt Castle and a substantial amount of personal property consisting of antiques, furnishings and assorted other personalty contained within the building and grounds (hereinafter "the Collection").

EXHIBIT
A

4. The Defendant, Richard P. D'Addario (hereinafter "D'Addario") is a resident of the State of Rhode Island and an attorney licensed to practice in Rhode Island with offices in Newport, Rhode Island.

5. The court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(1) and 1334(b).

6. This matter is a core proceeding pursuant to 28 U.S.C. U.S.C. §157(b)(2)(A).

7. This district is the proper venue for these proceedings pursuant to 28 U.S.C §1409.

*Facts*

8. Ruth and her late husband Harold Tinney (hereinafter "Harold") purchased Belcourt Castle in 1956.

9. At the time of the purchase Ruth and Harold had a son, Donald Tinney (hereinafter "Donald").

10. In December of 1960 Donald married Harle Hanson, now Harle Tinney (hereinafter "Harle").

11. Harold, Ruth, Donald and Harle resided at Belcourt and operated the building and grounds as a museum which included the Collection.

12. Beginning in 1974 the Tinneys hired Kevin to provide plumbing and numerous other maintenance projects at Belcourt. This service continued into the 1990's.

13. Harold died in 1989 and Ruth, Donald and Harley continued to live at Belcourt and operate the museum.

14. In October, 1990 Ruth legally adopted Kevin who soon thereafter officially changed his surname to Tinney.

15. Kevin lived at Belcourt with Ruth, her natural son Donald and his wife Harle.

16. Five years later Ruth died intestate on December 18, 1995.

17. In 1999 Kevin filed a petition in the Probate Court for the City of Newport ("Probate Court") seeking the administration of Ruth's estate including the distribution of the Collection.

18. As one of Ruth's two sons, Kevin claimed to be entitled to one half of the Collection.

19. Kevin retained the Defendant D'Addario to represent his interests in the distribution of Ruth's estate.

20. On or about October 15, 2003 the Probate Court entered an Order finding that the Collection in its entirety was jointly owned by Ruth, Donald and Harley with rights of survivorship. The effect of the ruling was that the complete Collection passed directly to Donald and Harle and was not part of Ruth's estate subject to distribution in accordance with R.I. Gen. Laws § 33-1-10.

21. On October 16, 2003 the Defendant, acting in his capacity as the attorney for Kevin filed a Claim of Appeal in the Probate Court seeking de novo review of the Probate Court's decision in the Newport County Superior Court.

22. On or about November 3, 2003 the Defendant acting as Kevin's attorney, filed in the Newport County Superior Court a Statement of the Reasons for the Appeal along with a certified copy of the Claim of Appeal and Record of proceedings from the Probate Court.

23. In connection with this appeal, the Defendant failed to file with the Superior Court a transcript of the Probate Court hearings within the time required by R.I.G.L. 33-23-1 nor did Defendant seek to extend the time for the filing of the transcript.

24. On December 3, 2004, while the Superior Court appeal was pending, Kevin filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in this Court.

25. Upon the filing of the bankruptcy petition the claim which was the subject of the pending Superior Court appeal became an asset of the Debtor's bankruptcy estate as did all potential claims against the Defendant for his handling of that appeal.

26. On December 29, 2004 the Plaintiff was appointed chapter 11 trustee of the bankruptcy estate.

27. On or about April 4, 2005 the Superior Court entered judgment, over the objection of the Trustee, dismissing the Superior Court appeal because of the failure to file a transcript in the Superior Court of the relevant Probate Court hearings.

28. The Plaintiff/Trustee, through her attorneys, properly perfected an appeal in the Supreme Court of Rhode Island from the Superior Court judgment of dismissal.

29. In an Order entered on or about November 14, 2006 the Supreme Court affirmed the decision of the Superior Court.

**COUNT I – Negligence**

30. Plaintiff repeats, realleges and incorporates herein the allegations of paragraph 1 through 29 as stated above.

31. Defendant D'Addario was acting as the attorney for Kevin with respect to all aspects of the proceedings in the Probate Court and the subsequent appeal of the Probate Court decision to the Superior Court.

33. The Defendant owed a duty to Kevin to employ ordinary skill and care in the course of his providing legal services.

34. The Defendant breached the duty owed to Kevin in the course of his representation in the Probate Court and in the Superior Court.

35. As a direct and proximate result of the actions and inactions of the Defendant, the bankruptcy estate lost any claim it had to a one-half interest in the Collection.

36. Had the Defendant not breached the duty owed to Kevin, Kevin or the estate would have prevailed in the Probate Court or would have prevailed in the appeal to the Superior Court.

34. As a direct and proximate result of the failures of the Defendant described above, the Plaintiff has been damaged in an amount measured by one half of the value of the Ruth's personal property at the time of her death.

WHEREFORE, for the above reasons, Plaintiff prays that judgment enter in favor of the Trustee and against the Defendant Richard D'Addario in an amount equal to one half the value of the personal property owned by Ruth at the time of her death plus prejudgment interest, post judgment interest, costs, and any and all further relief the Court deems just and proper.

STACY B. FERRERA, Trustee

By her attorneys,

/s/ Andrew S. Richardson
Andrew S. Richardson (#2608)
Boyajian, Harrington & Richardson
182 Waterman Street
Providence, RI 02906
Tel. (401) 273-9600
Fax. (401) 273-9605
andy@bhrlaw.com