UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: KEVIN TINNEY, Debtor. | C.A. NO: 08-cv-212 S |
| | B.K. CASE NO: 04-13806 (Chapter 7) |
| STACY B. FERRARA, TRUSTEE, Plaintiff, | |
| v. | A.P. NO. 08-1009 |
| RICHARD P. D'ADDARIO, Defendant. | |

**REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE**

NOW comes Richard P. D'Addario ("Defendant"), by his attorneys, and hereby files the within Reply to Plaintiff's Objection to Defendant's Motion to Withdraw the Reference.

In the Objection to Defendant's Motion to Withdraw the Reference ("Objection"), the Plaintiff attempts to persuade this Court that the within Adversary Proceeding must be deemed "core" because the Debtor never owned a cognizable claim for the legal malpractice claim at issue in this case until (at the earliest) the Newport County Superior Court ("Superior Court") dismissed the Probate Court Appeal ("Adverse Decision"), i.e., where the Adverse Decision was rendered post-petition. See Objection at pg. 6. The Plaintiff suggests that a legal malpractice claim does not become cognizable, for purposes of determining whether an Adversary Proceeding is a core or non-core proceeding, until injury or damage results from the alleged malpractice, i.e., the "Cognizable Claim Theory." Id. at pg. 8. In support of the Cognizable Claim Theory, the Plaintiff contends that the Defendant's failure to properly perfect the Debtor's appeal from Probate Court would not have given rise to any cognizable claim unless and until the

appeal was disposed of on account of that negligence. Id. at 6. Thus, the malpractice claim became cognizable only after the Superior Court dismissed the Appeal (i.e., the Adverse Decision). Id. The Plaintiff reasons that the Debtor did not suffer any injury until the Adverse Decision. See Id. at pg. 8.

In support of its Cognizable Claim Theory, the Plaintiff attempts to distinguish the facts of its case from the cases cited by the Defendant in the Motion to Withdraw the Reference ("Motion"). However, Plaintiff's attempt fails because it misses the central focus of those bankruptcy court decisions in determining that the subject adversary proceedings were non-core, i.e., (i) whether the formation of the professional services contract occurred pre-petition and (ii) whether the alleged malpractice occurred pre-petition.

In Wechsler v. Squadron, Ellenoff, Plesent & Sheinfeld, LLP, 201 B.R. 635, 639 (S.D.N.Y. 1996), the United States Bankruptcy Court for the Southern District of New York first acknowledged that the legal malpractice claim was clearly non-core because it could exist independent of the bankruptcy case, since the claims are state law claims. The Court went on to state that the alleged acts that form the basis of the trustee's claims against the law firm took place before the debtor entered bankruptcy. Id. Ultimately, the Court held that the adversary proceeding was non-core because both the formation of the contract (for the law firm to provide legal services to its client) and the alleged malpractice occurred pre-petition. Id.; see also, In re The VWE Group, Inc., 359 B.R. 441, 448 (S.D.N.Y. 2007)(holding the legal malpractice claim arising out of pre-petition misconduct to be non-core).

Moreover, Plaintiff's reliance on In re West Electronics to support the Cognizable Claim Theory similarly misses the focus of the Wechsler and In re The VWE Group, Inc. bankruptcy courts in determining whether an adversary proceeding alleging professional malpractice is core or non-core. The Plaintiff cites In re West Electronics, 128 B.R.900, 903-04 (Bankr.D.N.J.

1991) for the proposition that a breach of contract action is a core proceeding if the loss which gives rise to the pending claim occurs post-petition. See Objection at pg. 8. First, the date on which injury or damage results from the alleged malpractice has no bearing on the determination of whether an Adversary Proceeding alleging such professional malpractice is core or non-core. See e.g., Penn-Dutch Kitchens, Inc. v. Grady, 651 A.2d 731, 733 (R.I. 1994)(rejecting plaintiff's argument that its legal malpractice cause of action did not arise until an adverse decision was rendered relating to the alleged malpractice). In addition, it is important to note that the facts of In re West Electronics depart from the facts of Wechsler and In re The VWE Group, Inc. in that the actual breach did not occur until after the petition was filed. In that regard, In re West Electronics does nothing to detract from the holdings of Wechsler and In re The VWE Group, Inc., i.e., that adversary proceedings alleging professional malpractice are non-core if the formation of the professional services contract occurred pre-petition and the alleged malpractice occurred pre-petition.[1]

Thus, the within Adversary Proceeding filed by the Plaintiff alleging professional malpractice is a non-core proceeding as the legal services contract between Defendant and Debtor was certainly formed pre-petition and the alleged malpractice (i.e., Defendant's failure to timely file the transcript with the Superior Court) occurred pre-petition as well. As such, this Honorable United States District Court must reject the arguments made in the Objection and withdraw the reference made to the Bankruptcy Court based upon the arguments set forth in the within Reply and those previously filed in the Motion so that this Adversary Proceeding may be heard in the District Court in the first instance.

[1] In addition, it should be noted that In re West Electronics did not involve an adversary proceeding which alleged professional malpractice nor does Plaintiff cite any cases that address whether an adversary proceeding alleging professional malpractice is core or non-core. Id.

Richard P. D'Addario

By his Attorneys,

/s/ Robert D. Wieck

Robert D. Wieck, Esq. #1739
Carl J. Ricci, Esq. #6147
MacADAMS WIECK DeLUCA & GEMMA, INC.
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Date: June 2, 2008

**CERTIFICATION OF SERVICE**

I hereby certify that a true copy of the within Reply to Plaintiff's Objection to Defendant's Motion to Withdraw the Reference was served by electronic mail through the United States District Court's Electronic Case Filing system on the 2nd day of June 2008, to the following:

Andrew Richardson, Esq.
Boyajian Harrington & Richardson
andy@bhrlaw.com

Steven Boyajian, Esq.
Boyajian Harrington & Richardson
steve@bhrlaw.com

/s/ Robert D. Wieck

G:\D'Addario, Richard\Bankruptcy\Pleadings\Reply to Objection to Withdraw Reference Memo (2) 053008.doc