UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| IN RE: KEVIN TINNEY, Debtor. | C.A. NO: 08-212 S |
| | B.K. CASE NO: 04-13806 (Chapter 7) |
| STACY B. FERRARA, TRUSTEE, Plaintiff, v. RICHARD P. D'ADDARIO, Defendant. | A.P. NO. 08-1009 |

**ORDER**

William E. Smith, United States District Judge.

Before the Court is Defendant's motion to withdraw the reference to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(d). For the reasons set forth below, Defendant's motion is granted.

I. Background

The current matter comes before this Court as another chapter in the storied tale of Belcourt Castle.[1] For purposes of Defendant's motion, the relevant facts are as follows: Plaintiff Stacy Ferrara, as Trustee of the bankruptcy estate of Kevin Tinney ("Debtor" or "Kevin"), filed the underlying Complaint alleging that Defendant Richard P. D'Addario committed legal malpractice when representing Kevin in certain probate court matters relating to the estate of Ruth Tinney, the Debtor's adoptive mother. In an October

[1] For a detailed account of the facts leading up to this current action, see Tinney v. Tinney, 770 A.2d 420 (R.I. 2001).

15, 2003 order, the Probate Court denied Kevin's particular claim. On November 3, 2003, Defendant appealed to the Superior Court of Rhode Island, but failed to timely file the requisite transcript of the Probate Court hearings. On April 4, 2005, the Superior Court dismissed the appeal for failure to file the transcript. That decision was affirmed by the Supreme Court on November 14, 2006. Meanwhile, on December 3, 2004 (over a year after the alleged malpractice occurred) the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Soon after, Plaintiff was appointed Trustee of the bankruptcy estate. Now Ferrara, as Trustee, has brought a legal malpractice claim against D'Addario in the bankruptcy court which D'Addario requests be withdrawn to the district court.

II. Jurisdiction

The district court has jurisdiction over bankruptcy proceedings under 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a) and LR 109 all cases and proceedings arising under title 11 may be referred automatically to the bankruptcy court. A bankruptcy judge "may hear and determine all cases under title 11 and all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1). Additionally,

> [a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceedings the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge

> after considering the bankruptcy judge's proposed findings and conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1) (emphasis added).

Nevertheless, "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion, for cause shown." 28 U.S.C. § 157(d); see also LR 109 (reference may be withdrawn *sua sponte*, or for good cause shown). The issue before this Court is whether the Defendant has shown sufficient "cause" for the reference to be withdrawn. See In re Jackson Brook institute, Inc., 280 B.R. 779, 782 (D. Me. 2002) (party seeking withdrawal pursuant to § 157(d) bears the burden of demonstrating cause for the requested relief).

III. Analysis

"Cause" is not defined in 28 U.S.C. § 157(d). However, this Court has endorsed the rubric set forth in Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985). See In re Almac's, Inc., 202 B.R. 648, 657 (D.R.I. 1996). Holland noted that, "a district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." Id. (quoting Holland, 777 F.2d at 999). The presence of one of the Holland factors is sufficient to find "cause" to warrant withdrawal of the reference. Id. When performing this analysis, courts will

first determine if the underlying action is core or non-core. In re Lars, Inc., 290 B.R. 467, 469 (D.P.R. 2003). This determination is important because both efficiency and uniformity turn upon this distinction. In re Almac's, 202 B.R. at 657. This is so because a non-core proceeding is subject to *de novo* review by the district court; in the interest of avoiding a waste of resources, the district court may decide to hear the matter itself in the first instance. See In re Orion Picture Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993); see also Growe ex rel. Great N. Paper, Inc. v. Bilodard Inc., 325 B.R. 490, 493 (D. Me. 2005). Since the core versus non-core determination of a claim speaks to efficiency and judicial economy, and as such can be dispositive on whether to withdraw the reference, this Court will analyze that issue first. See In re Orion Picture., 4 F.3d at 1101.

28 U.S.C. §§ 157(b)(2)(A)-(O) provide a non-exhaustive list of matters that constitute core proceedings, each of which relate to "a function essential to the administration of the bankruptcy case." In re Sheridan, 362 F.3d 96, 107 (1st Cir. 2004). In particular, §§ 157(b)(2)(A),(O) define core proceedings to include "matters concerning the administration of the estate," and "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor[.]" This Court has previously defined core proceedings to be "those which arise only in bankruptcy or involve a right created by federal bankruptcy

law." In re Almac's, 202 B.R. at 657 (quoting Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773-74 (8th Cir. 1995)). Non-core related proceedings have been defined by this Court as "those which do not invoke a substantive right created by a federal bankruptcy law and could exist outside of a bankruptcy, although they must be related to a bankruptcy." Id. These "are claims that do not stem from the Code itself, but 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action or otherwise have an impact upon the handling and administration of the bankruptcy estate.'" Ralls v. Docktor Pet Centers, Inc., 177 B.R. 420, 424 (D. Mass. 1995) (quoting In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)). Further, if "the claims could have been brought before the filing of the bankruptcy petition [i.e., pre-petition], the claims are non-core." Id. at 425 (citation omitted). Thus, in Arnold Print Works, Inc., 815 F.2d 165, 168 (1st Cir. 1987), the action of the debtor-in-possession to collect a *post-petition* debt was core because the claim arose out of the administrative activities of the debtor and the debtor's efforts to liquidate the estate assets. But in Ralls, 177 B.R. at 425-26, a chapter 11 debtor's claim of breach of a franchise agreement was non-core because the breach began *pre-petition* and continued post-petition, but was unrelated to the bankruptcy.

D'Addario argues that the legal malpractice claim is non-core because it is an action that would survive outside of bankruptcy, and that in the absence of the underlying bankruptcy proceeding, the action would have been commenced in state court. Further he argues that the legal malpractice claim against him is pre-petition because his alleged negligence occurred more than a year before the Debtor's voluntary petition for relief. Ferrara insists that, although the negligent act occurred prior to the bankruptcy petition, no damages could result until after the dismissal of the probate appeal, and therefore the cause of action accrued post-petition. As such, any redress relates directly to the administration of the estate and is a core matter.

In support of her position that a cause of action is a core matter when damages accrue post-petition, Plaintiff analogizes the instant action to <u>In re W. Elecs.</u>, 128 B.R. 900, 903 (Bankr. D.N.J. 1991), where the court found that a debtor's claim against its insurer to collect under a policy which was issued pre-petition was core because the cause of action for recovery under the policy arose after the filing of the petition. <u>In re W. Elecs.</u> is distinguishable from the instant action because, among other things, the alleged breach in <u>In re W. Elecs.</u> did not occur until *after* the petition was filed. <u>Id.</u> at 902. There, the court found the cause of action accrued post-petition because the debtor-in-possession "could not possibly have had a pre-petition cause of

action because it did not come into existence until after the filing of the petition." Id. at 903-04. Here, the alleged breach occurred more than a year prior to the filing of the petition, giving the Debtor an opportunity to bring an action against D'Addario pre-petition.

Defendant's argument, that the alleged legal malpractice is non-core because the alleged negligent act occurred a year before the petition, correctly states the applicable Rhode Island law. In Rhode Island legal malpractice actions, "the cause of action accrues when the allegedly negligent omission by the attorney should have been discovered in the exercise of reasonable diligence, rather than when the court rendered the adverse decision that injured the client." Hill v. Rhode Island State Employees' Retirement Bd., 935 A.2d 608, 617-18 (R.I. 2007) (quoting Penn-Dutch Kitchens, Inc. v. Grady, 651 A.2d 731, 733-34 (R.I. 1994)). Over a year passed between D'Addario's failure to file the transcript and when the Debtor filed the petition for bankruptcy; reasonable diligence on the part of the Debtor in the interim could have alerted him to possible negligence on the part of D'Addario. Given this, along with the fact that absent a bankruptcy proceeding this legal malpractice claim necessarily would have been filed in state court, this Court finds that the legal malpractice claim existed pre-petition and is non-core.

IV. Conclusion

For the foregoing reasons this Court finds that the alleged legal malpractice claim is non-core and that sufficient cause has been shown to withdraw the reference. Therefore Defendant's motion to withdraw the reference is granted.

It is so Ordered.

WESmith

William E. Smith
United States District Judge
Date: 8/5/08